**FILED**

JUN 22 2018



PETER A. MOORE, JR., CLERK
US DISTRICT COURT, EDNC
BY _____ DEP CLK

# UNITED STATES DISTRICT COURT
for the

Eastern District of North Carolina

| | | |
|---|---|---|
| United States of America | ) | |
| v. | ) | Case No. 5:18-mj-1552 |
| Ricardo Noel Ayala-Amaya | ) | |
| | ) | |
| | ) | |
| | ) | |
| *Defendant(s)* | ) | |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of _____ May 31, 2018 _____ in the county of _____ Wake _____ in the
_____ Eastern _____ District of _____ North Carolina _____ , the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 8 U.S.C. § 1326(a) | The defendant, an alien, was found in the United States after having previously been denied admission, excluded, deported and removed from the United States on June 18, 2007, at Atlanta, Georgia, on February 28, 2011, at Atlanta, Georgia, and again on April 22, 2014, at Brownsville, Texas, and not having obtained the express consent of the Attorney General, or his successor, the Secretary of Homeland Security, to reapply for admission thereto. |

This criminal complaint is based on these facts:

please see attached affidavit

☑ Continued on the attached sheet.

_____
*Complainant's signature*

On this day, Frederick Tarry
appeared before me via reliable electronic means, was
placed under oath, and attested to the contents
of this Complaint.

Frederick Tarry, Deportation Officer, ICE
*Printed name and title*

Date: 22 June 2018

_____
*Judge's signature*

City and state: _____ Raleigh, North Carolina _____

JAMES E. GATES U.S. Magistrate Judge
*Printed name and title*

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA

## AFFIDAVIT

1.  I, Frederick Tarry, having been duly sworn, do hereby depose and state: I am a Deportation Officer with the Department of Homeland Security (DHS), Immigration and Customs Enforcement (ICE), formerly known as the Immigration and Naturalization Service (INS), assigned to the Raleigh, North Carolina office. I have been employed by ICE for over 11 years, since September 17, 2006. My duties routinely include the investigation of violations of the federal criminal statutes concerning immigration offenses, including the reentry of illegal aliens into the United States.

2. This affidavit is submitted as evidence of probable cause supporting the arrest warrant for Ricardo Noel Ayala-Amaya (here after referred to as "AYALA") for reentry by a previously removed alien in violation of Title 8 U.S.C. § 1326(a). This affidavit does not set forth all information known to your affiant about this case and is being submitted for the purpose of providing sufficient information to establish probable cause.

3.  In the course of investigating this matter, I have obtained information through law enforcement channels and the official Alien File (A-File) numbered A078 319 850. This file is maintained in the name of Ricardo Noel Ayala-Amaya and contains this individual's biographical information, family history, records of encounters

1

with ICE, conviction records, photographs and fingerprints. Based on the review of this A-File, I have concluded that it does in fact pertain to the defendant in this matter.

4. The A-File reflects the following information relative to this individual:

    a. AYALA is a citizen and national of Honduras.

    b. His date of birth is XXX XX, 1985, and his name is correctly reflected in this affidavit and the complaint to which it is attached.

    c. AYALA was, on August 21, 2001, ordered removed in absentia from the U.S. to Honduras by an immigration judge at Atlanta, Georgia.

    d. AYALA was, on May 9, 2007, arrested by ICE officers at his residence in Wake County, North Carolina.

    e. AYALA was, on June 18, 2007, removed from the U.S. to Honduras at Atlanta, Georgia, after he was warned of the penalties for reentry, per Form I-294.

    f. AYALA, of his own volition, reentered the United States on or after June 18, 2007, and did so without obtaining the express consent of the Attorney General, or his successor the Secretary of Homeland Security, to reapply for admission.

    g. AYALA was, on December 24, 2010, encountered by ICE

2

287(g) officers at the Wake County jail, and biometrically identified as a previously removed alien. The prior order of removal was reinstated.

h. AYALA was, on February 28, 2011, removed from the U.S. to Honduras at Atlanta, Georgia, after he was warned of the penalties for reentry, per Form I-294.

i. AYALA, of his own volition, reentered the United States on or about April 6, 2014, near Hidalgo, Texas, and did so without obtaining the express consent of the Attorney General, or his successor the Secretary of Homeland Security, to reapply for admission.

j. AYALA was, on April 9, 2014, arrested by U.S. Border Patrol agents near Falfurrias, Texas, biometrically identified as a previously removed alien, and the prior order of removal was reinstated the following day.

k. AYALA was, on April 22, 2014, removed from the U.S. to Honduras at Brownsville, Texas, after he was warned of the penalties for reentry, per Form I-294.

5. A search of ICE databases reveals that AYALA did not

3

receive permission of the United States Attorney General, or his successor the Secretary of Homeland Security, to reenter as required by 8 U.S.C. § 1360(d).

6. On May 30, 2018, AYALA was arrested in Wake County, North Carolina by the Wake County Sheriff's Department for Driving While License Revoked, Resisting a Public Officer, Fictitious Information to Officer, and was additionally charged with Possession of Drug Paraphernalia and felony Possession of Cocaine and Possession of a Controlled Substance on Jail Premises, after a gram of cocaine was discovered in his possession.

7. On May 31, 2018, AYALA was encountered by ICE 287(g) Program officers at the Wake County jail. A complete set of fingerprints were submitted to DHS and FBI databases resulting in a positive biometric match for a previously removed alien. An ICE detainer was lodged after record checks and a voluntary sworn statement confirmed alienage and removability.

8. On June 19, 2018, ICE was notified AYALA would be released from custody after he was sentenced to 20 days, time served, for Possession of Drug Paraphernalia and Resisting a Public Officer, and the other charges were dismissed. The ICE detainer was activated. AYALA will be held in ICE custody at the Wake County jail pending removal.

[remainder of this page left intentionally blank]

4

9. Based on all of the foregoing, I, Frederick Tarry, believe that there is ample probable cause to conclude that Ricardo Noel Ayala-Amaya, is in fact guilty of illegal reentry into the United States by an alien previously removed in violation of Title 8 U.S.C. § 1326(a), and respectfully ask that the Court issue a warrant ordering his arrest for such crime.


Further your Affiant sayeth not.


_____
Frederick Tarry
Deportation Officer
Immigration & Customs Enforcement


On this ____22____ day of June 2018, Deportation Officer Frederick Tarry appeared before me via reliable electronic means, was placed under oath, and attested to the contents of this affidavit.

_____
JAMES E. GATES
United States Magistrate Judge
Eastern District of North Carolina